UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                           Case No. 02-CR-0147

OMAR NELUMS,

    Defendant.

ORDER DENYING DEFENDANT'S PETITION FOR CLARIFICATION AND
CORRECTION OF SENTENCE (DOC. # 272)

On March 7, 2003, Omar Nelums was sentenced following his conviction for armed bank robbery, 18 U.S.C. § 2113(a) and (d) and 2, and use of a firearm in a crime of violence, 18 U.S.C. § 924(c) and 2. At the sentencing hearing, the court found that Nelums was a career offender under U.S.S.G. §4B1.1, despite his challenge that his underlying felony conviction in 1998 for "fleeing a police officer" did not qualify as a crime of violence. He was sentenced to 168 months imprisonment on the first count and 120 months on the second, to run consecutively.

On April 15, 2009, Nelums filed a motion pursuant to 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his sentence. In that motion, Nelums contended that recent U.S. Supreme Court decisions in *Begay v. United States,* 128 S.Ct. 1581 (2008), *Chambers v. United States*, 129 S.Ct. 687 (2009), and *James v. United States*, 550 U.S. 192, (2007), direct that he can no longer be considered a career offender under U.S.S.G § 4B1.1. This court screened his petition pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, and denied the motion on June 30, 2009. *See* Order Denying § 2255 Motion, *Nelums v. United States*, No. 09-CV-400 (E.D. Wis. 2009).

Most recently, Nelums filed a "Petition for Clarification and Correction of Sentence." In this motion, Nelums seeks a sentence adjustment under 18 U.S.C. § 3582(c)(2), which permits a court to reduce a term of imprisonment that was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." Section 3582 applies only when two conditions are met: "First, an amendment to the Sentencing Guidelines must specifically be listed as having retroactive effect; and second, the amendment must lower the defendant's guideline range." *United States v. Jackson*, 573 F.3d 398, 399 (7th Cir. 2009). "All other cases are outside the congressional grant of authority to district courts to modify sentences that have already been imposed." *Id.*

Here, it appears that Nelums believes his sentence may be adjusted pursuant to Amendment 599, which clarified the extent to which a sentencing court may impose a weapon adjustment for one offense where the defendant also has been convicted under 18 U.S.C. § 924(c). *See United States v. White*, 309 Fed. Appx. 7 (7th Cir. Jan. 29, 2009). It appears Nelums believes that the court calculated his sentencing guidelines range for Count One (armed bank robbery) with an upward adjustment for use of a weapon, pursuant to U.S.S.G. §2K2.4.

This is not the case. First, Amendment 599 was issued prior to the time Nelums was sentenced in this matter. Thus, his total offense level for Count One did <u>not</u> include a weapon adjustment even though Nelums discharged a firearm in the commission of the offense. More importantly, the guideline range for Count One was established by Nelums' status as a career offender. In sum, 18 U.S.C. § 3582(c)(2) does not apply because Nelums' prison term was not based on a sentencing range subsequently lowered by the Sentencing Commission.

Alternatively, Nelums asserts that this court erred in concluding that he qualified as a career offender under U.S.S.G § 4B1.1. This argument was considered previously and rejected by this court in its order dismissing his motion pursuant to 28 U.S.C. § 2255. *See* Order Denying § 2255 Motion, *Nelums v. United States*, No. 09-CV-400. More need not be said. Therefore,

IT IS ORDERED that the defendant's "Petition for Clarification and Correction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2)" (Doc. # 272) is denied.

Dated at Milwaukee, Wisconsin, this 5th day of April, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE