UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OMAR NELUMS,

        Petitioner,

v.                                                         Case No. 15-cv-1064-pp

UNITED STATES OF AMERICA,

        Respondent.

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                         Case No. 02-cr-147-pp

OMAR NEUMS,

        Defendant.

---

**ORDER GRANTING JOINT MOTION IN CASE NO. 15-CV-1064 TO GRANT THE §2255 MOTION (DKT. NO. 17), GRANTING THE PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. §2255 IN CASE NO. 15-CV-1064 (DKT. NO. 1), ORDERING THE CLERK OF COURT TO REOPEN CASE NO. 02-CR-147, AND ORDERING THE PARTIES TO FILE A STATUS REPORT IN CASE NO. 02-CR-147 BY DECEMBER 20, 2018**

---

On October 30, 2018, the parties filed a joint motion asking the court to grant the pending §2255 petition, reopen Case No. 02-cr-147, vacate the judgment of conviction in that case, and schedule a resentencing hearing. Dkt. No. 15. Judge Charles N. Clevert, Jr. sentenced the petitioner under the pre-Booker Sentencing Guidelines, finding the petitioner a career-offender based in

part on the mandatory Guidelines' residual clause. Case No. 02-cr-147, Dkt. No. 184. In 2015, the petitioner filed a §2255 motion based on Johnson v. United States, 135 S. Ct. 2551 (2015), which declared the same residual clause appearing in USSG §4B1.2 to be unconstitutionally vague. The government initially opposed the motion, but in light of the Seventh Circuit's decision Cross v. United States, 892 F.3d 288 (7th Cir. 2018) (reh'g denied August 31, 2018), it has changed its position and joins the petitioner/defendant in asking the court to grant the §2255 petition and resentence the defendant. In Cross, the Seventh Circuit declared that prisoners sentenced as career offenders under the pre-Booker guidelines' residual clause are entitled to relief. Cross, 892 F.3d at 308.

Based on the decision in Cross, the court agrees that the petitioner timely filed his motion within a year of Johnson and should be resentenced without the career-offender enhancement. A week after filing the joint motion to grant the §2255 petition, the petitioner's counsel filed a letter asking the court to wait before formally vacating the judgment in the criminal case. Dkt. No. 16. The parties have agreed to review the presentence investigation report and provide the court with an update on their positions regarding resentencing before the court formally vacates the criminal judgment. Id. The probation office already has filed an update containing its calculations of the defendant's sentence without the career offender enhancement. United States v. Nelums, 02-cr-147 at dkt. no. 279. The court will defer vacating the judgment of conviction, as well as ruling on the parties' joint motion for resentencing in the

2

criminal case (id. at dkt. no. 278). The court will give the parties a date by which to file their status report.

The court **GRANTS** the joint motion to grant the §2255 petition. Dkt. No. 17.

The court **GRANTS** the petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. §2255. Dkt. No. 1.

The court **ORDERS** the clerk of court to reopen criminal Case No. 02-cr-147.

The court **ORDERS** that by the end of the day on December 20, 2018, the parties shall file a joint status report stating their positions regarding resentencing.

Dated in Milwaukee, Wisconsin this 19th day of November, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**