UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

OMAR NELUMS,

    Defendant.

Case No. 02-cr-147-pp

---

**ORDER DENYING AS MOOT JOINT MOTION FOR RESENTENCING HEARING (DKT. NO. 278), APPROVING STIPULATION (DKT. NO. 284), VACATING 2003 SENTENCE (DKT. NO. 184) AND RE-SENTENCING DEFENDANT**

---

On November 20, 2002, the defendant entered a guilty plea (dkt. nos. 130, 133), and on March 7, 2003, Judge Charles N. Clevert, Jr. entered judgment sentencing the defendant to serve 288 months in custody, dkt. no. 184.

In September 2015, the defendant filed a motion to vacate or correct his sentence under 28 U.S.C. §2255. Dkt. No. 277; Nelums v. United States, 15-cv-1064-pp (E.D. Wis.). On October 30, 2018, the parties filed a joint motion, asking the court to grant the petition, vacate the 2003 sentence and re-sentence the defendant, based on changes in Supreme Court and Seventh Circuit law since the sentencing date. Nelums v. United States, 15-cv-1064-pp (E.D. Wis.) at Dkt. No. 15. While the parties agreed that the court should vacate the 2003 sentence and impose a new one that complies with current law, the parties did not agree on what that new sentence should be. Id. at 2-3.

1

The court granted the §2255 petition but did not vacate the original sentence or impose a new sentence at that time. Id. at dkt. nos. 17, 18.

On October 30, 2018, the parties filed a joint motion, asking the court to schedule a re-sentencing hearing. United States v. Nelums, Case No. 02-cr-147 (E.D. Wis.), Dkt. No. 278. Rather than schedule the hearing, the court asked the parties to provide it with a joint status report by the end of the day on December 20, 2018. Dkt. No. 280. The parties complied with that request; in the December 20, 2018 status report, they informed the court that they were close to reaching agreement on the appropriate sentence. Dkt. No. 282. The court ordered the parties to file any stipulation as to an agreed sentence by the end of the day on January 11, 2019. Dkt. No. 283. The parties filed their stipulation on January 7, 2019. Dkt. No. 284.

The parties agree that the court should impose a sentence of eighty-nine months on "the robbery count"—Count One of the superseding indictment—and the mandatory minimum sentence of 120 months on "the 924(c) count"—Count Three of the superseding indictment—to run consecutively to the eighty-nine-month sentence imposed on Count One, for a total sentence of 209 months in custody. Id. at 1. They ask that the court impose the same supervised release sentences that Judge Clevert imposed—five years of supervised release on Count One of the superseding indictment, and five years on Count Three of the superseding indictment, to run concurrently to the five-year term imposed on Count One, for a total term of five years of supervised release. Id.; see also Dkt. No. 184. Their stipulation includes the conditions of

supervised release they ask the court to impose. Dkt. No. 284 at 3-4. They indicate that if the court imposes this agreed sentence, there will be no need for a re-sentencing hearing (and the defendant "enthusiastically" waived his right to a re-sentencing hearing). Id. at 4.

The probation department graciously filed a re-sentencing update for the court and the parties. Dkt. No. 279. That report indicates that the base offense level for bank robbery (the charge in Count One of the superseding indictment) is 20, under U.S.S.G. §2B3.1. Because the defendant took property of a financial institution, a 2-level enhancement under §2B3.1(b)(1) applies, as well as a 2-level enhancement under §2B3.1(b)(4)(B) for the use of physical restraint of a victim. Id. at 1. (Because the victim amended the loss amount, no enhancement is appropriate for the amount of the loss. Id.) This results in an offense level of 24. With a 2-level reduction for acceptance of responsibility under §3E1.1(a) and an additional 1-level reduction under §3E1.1(b), the adjusted offense level for the bank robbery charge in Count One of the superseding indictment is 21. The defendant has a criminal history category of VI. Level 21 in category VI yields an advisory sentencing range of 77 to 96 months for Count One. Adding the mandatory minimum sentence of 120 months for Count Three to the low and high ends of the range for Count One yields a total sentencing range of 197 to 216 months. The court **ADOPTS** these sentencing guidelines calculations.

The applicable fine range is $12,500 to $125,000. The parties have not asked the court to impose a fine, and Judge Clevert did not impose a fine when

he imposed the original sentence. A $200 special assessment applies--$100 for each count. Judge Clevert ordered the defendant to pay $19,008.53 in restitution (joint and several with his co-defendants); the defendant currently has a balance of $10,956.52 remaining, according to the probation department. Id. at 2.

The sentence to which the parties have stipulated—eighty-nine months on Count One of the superseding indictment and 120 months on Count Three, to run consecutively to the eighty-nine-month sentence on Count One, for a total sentence of 209 months—is within the re-calculated guideline range. The court finds that this sentence is reasonable, based on the representations in the stipulation and the history of the case. Because the parties have agreed to all components of the sentence, including the length of the supervised release terms and the conditions of that release, the court agrees that no re-sentencing hearing is necessary.

The court **DENIES AS MOOT** the parties' joint motion for a re-sentencing hearing. Dkt. No. 278.

The court **APPROVES** the parties' stipulation. Dkt. No. 284.

The court **ORDERS** that the judgment entered on March 7, 2003 is **VACATED**. Dkt. No. 184.

The court **SENTENCES** the defendant as follows:

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **eighty-nine (89) months on Count One of the superseding indictment and one-hundred twenty (120)**

4

**months on Count Three of the superseding indictment, to run consecutively to the eighty-nine-month (89) sentence imposed on Count One, for a total sentence of two-hundred nine (209) months of incarceration.**

Upon release from imprisonment, the defendant shall be on supervised release for a term of **five (5) years on Count One of the superseding indictment and five (5) years on Count Three of the superseding indictment, to run concurrently to the five-year (5) sentence imposed on Count One, for a total sentence of five (5) years of supervised release.**

The court imposes the following conditions of supervised release:

Within 72 hours of his release from the custody of the Bureau of Prisons, the defendant shall report to the probation office in the district to which he is released, and shall report to the probation officer in a manner and frequency as reasonably directed by the probation officer.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance and shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not own, possess, or have under the defendant's control a firearm, ammunition, destructive device or dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

The defendant must make restitution in accordance with 18 U.S.C. §§3663 and 3663A or any other statute authorizing a sentence of restitution.

After initially reporting to the probation office, the defendant will receive instructions from the probation officer about how and when he must report to the probation officer, and the defendant must report to the probation officer as instructed.

The defendant must not knowingly leave the federal judicial district without first getting permission from the probation officer or the court.

The defendant must follow the instructions of the probation officer designed to make sure the defendant complies with the conditions of supervision.

The defendant must answer truthfully the questions asked by the probation officer related to the conditions of supervision, subject to his Fifth Amendment right against self-incrimination.

The defendant must work full-time (at least 30 hours a week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where he works or anything about his work (such as position, hours or job responsibilities), the defendant must tell the probation officer at least ten calendar days before the

change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

The defendant must live at a place approved by the probation officer. If the defendant plans to change where he lives or anything about his living arrangements (such as the people he lives with), the defendant must tell the probation officer at least ten calendar days before the change. If telling the probation officer in advance is not possible due to unanticipated circumstances, the defendant must tell the probation officer within 72 hours of the change.

If the defendant knows someone is committing a crime, or is planning to commit a crime, the defendant must not associate with that person (communicate with, socialize with, ride in vehicles with, live or share meals with) that person in any way.

The defendant must allow the probation officer to visit the defendant at reasonable times, at home or other reasonable locations, and the defendant must permit the probation officer to take any items prohibited by the conditions of supervision that the probation officer observes in plain view.

If the defendant is arrested or questioned by a law enforcement officer, he must tell the probation officer within 72 hours. This includes reporting police contacts that do not relate to any alleged wrong-doing by the defendant (such as when the police question a witness to a car accident or stop someone for a traffic violation but don't issue a ticket).

The defendant must not make any agreement with a law enforcement agency to act as an informer or a special agent without first getting the permission of the court.

The court **ORDERS** that, if he has not already done so, the defendant must pay a total special assessment of $200 ($100 each for Count One and Count Three).

The court **ORDERS** that the defendant shall make restitution in the amount of $19,008.53, minus any amounts already paid, joint and several with his co-defendants.

The court will enter a separate, amended judgment reflecting this sentence.

Dated in Milwaukee, Wisconsin this 8th day of January, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**