UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

       Plaintiff,

  v.                                       Case No. 02-cr-147-pp

OMAR NELUMS,

       Defendant.

---

## ORDER REQUIRING GOVERNMENT TO RESPOND TO DEFENDANT'S LETTER MOTION TO AMEND JUDGMENT (DKT. NO. 291)

---

When Judge Charles N. Clevert, Jr. sentenced the defendant on March 7, 2003, he ordered the defendant to pay restitution of $19,008.53, jointly and severally with co-defendants Trenise Blaylock, Weylin Shurn and Terrecho Shurn. Dkt. No. 184.

Over two years later, on June 7, 2005, Judge Clevert amended defendant Weylin Shurn's judgment to reflect that the restitution amount was $4,542—over $14,000 less than the original restitution amount. Dkt. No. 246. He did the same for defendant Blaylock on March 15, 2006. Dkt. No. 262. In a November 2, 2005 order regarding the Seventh Circuit's remand of Blaylock's case, Judge Clevert stated that after he'd imposed the $19,008.53 restitution order,

> the United States confessed error in Seventh Circuit Case No. 03-2325, *United States v. Weylin M. Shurn,* a co-defendant, regarding the loss calculation underlying his joint and several restitution order. Therefore, the Court of Appeals vacated Weylin Shurn's judgment of conviction on June 24, 2004, and remanded his case for resentencing. As a consequence, Weylin M. Shurn was

resentenced on June 3, 2005, and restitution was ordered in the amount of $4,542.80.

Dkt. No. 257 at 2.

The Seventh Circuit's 2003 decision in Weylin Shurn's case is not accessible on this court's web site, and the court cannot find it on the Seventh Circuit's web site or on Westlaw. In pulling the paper file from the archive, however, the court found the Seventh Circuit's June 24, 2004 order vacating and remanding Weylin Shurn's sentence. The Seventh Circuit stated,

> The United States has confessed error on the sentence imposed in this criminal prosecution, and the parties have filed a joint motion for a remand. After evaluating the merits of that position, as we are obliged to do, see *Lawrence v. Chater*, 516 U.S. 163, 170-71 (1996); *Rinaldi v. United States*, 434 U.S. 22 (1977), we agree with the parties' conclusion that the sentence is erroneous and that Shurn must be resentenced. In calculating the "loss" from this bank robbery for purposes of the Sentencing Guidelines, the district court included salaries that the credit union paid to its workers while closed the next day, and the mental-health-care expenses one teller incurred. We agree with the parties that these amounts are not part of the "loss" defined by U.S.S.G. §2B3.1 and Application Note 3. They are in the nature of consequential damages, while the Guidelines treat "loss" as the direct injury.

Dkt. No. 222. In his October 15, 2004 objections to the government's re-sentencing memorandum and presentence report (which the court also pulled from the archive file), Weylin Shurn's then-defense counsel argued that based on the Seventh Circuit's decision, Judge Clevert should subtract the amounts of the salaries, disability payments and medical expenses, which—the defendant argued—would reduce the restitution to "$4,542.00 for the bank's fixed losses and for damages to the car of Kelvin Morgan whose car was used in the robbery." Judge Clevert appears to have adopted this reasoning, which is why he amended Weylin Shurn's judgment, and Blaylock's, to reflect restitution of $4,542.00.

The court did *not* amend the judgments to reduce restitution as to Nelums or Terrecho Shurn—their judgments continue to reflect that they owe joint and several restitution of $19,008.53. Dkt. Nos. 183 (Shurn), 184 (Nelums). Nelums now asks the court to amend his judgment to reflect the reduced restitution. Dkt. No. 291. He also states that he has paid $8,102.01 in restitution—far in excess of the $4,542 restitution amount. Id. at 2. He asks the court to amend his judgment, and to refund him the amount he has paid in excess of $4,542.00.

The court requires the government's position on three issues: (a) Is there any reason why the court should not amend Omar Nelums's judgment to reflect restitution of $4,542? (b) Is there any reason why the court should not amend Terrecho Shurn's judgment to reflect restitution in that amount? (c) Is there any reason that, if the clerk's office confirms that Nelums has paid more than the $4,542, this court should not order the excess to be returned to Nelums? The court asks the government to provide its position on these three issues by the end of the day on Friday, April 26, 2019.

The court **ORDERS** that by the end of the day on **Friday, April 26, 2019**, the government shall inform the court of its position on the issues listed above.

Dated in Milwaukee, Wisconsin this 11th day of April, 2019.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**

3